WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Wagoner,<br><br>　　　　Plaintiff,<br><br>v.<br><br>First Fleet Incorporated,<br><br>　　　　Defendant. | No. CV-22-00990-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant First Fleet, Inc.'s ("First Fleet") Motion to Dismiss (Doc. 6), and Plaintiff Dr. Gary Wagoner's ("Plaintiff") Response to Motion to Dismiss and Motion for Default (Doc. 9). Also pending before the Court is Defendant's Reply in Support of Its Motion to Dismiss and in Opposition to Plaintiff's Motion for Default (Doc. 11), and Defendant's Motion to Strike (Doc. 13). The Court now rules on the motions.

**I.   BACKGROUND**

Plaintiff is a chiropractor based in Scottsdale, Arizona, and is the designated representative for patient Jeffrey Cagle. (Doc. 1-3 at 5–6). Plaintiff provided medical care to Mr. Cagle on October 10, 2019. (*Id.* at 6). Mr. Cagle signed an assignment of benefits contract to allow Plaintiff to collect payment from Mr. Cagle's employee health benefits plan through First Fleet, Inc., an insurance company affiliated with Blue Cross Blue Shield of Tennessee (BCBST). (*Id.* at 6, 18). Both parties agree that Mr. Cagle's plan is regulated

by the Employee Retirement Income Security Act (ERISA). (Doc. 9 at 1; Doc. 6 at 2).

After he provided anesthesiology services to Mr. Cagle, Plaintiff alleges he submitted "a total of 2 demands for payment … to First Fleet without response or payment tendered." (Doc. 1-3 at 6). On May 3, 2022, Plaintiff filed his Complaint against First Fleet in the Dreamy Draw Justice Court in Phoenix, Arizona, alleging First Fleet had not properly paid him for the services he provided Mr. Cagle and seeking $10,000 in damages, including benefits, court costs, interest, and document preparation expenses. (Doc. 1-3 at 5; Doc. 6 at 3).

On June 7, 2022, First Fleet removed Plaintiff's action to the U.S. District Court for the District of Arizona and filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) claiming ERISA preemption. (Doc. 1-4 at 2; Doc. 6). Consequently, Plaintiff filed a Response and Motion for Default on June 28, 2022. (Doc. 9). First Fleet opposed Plaintiff's Motion for Default on July 5, 2022, and nine days later, First Fleet moved to strike Plaintiff's Response and Motion for Default (Doc. 9) from the Court record. (Doc. 11; Doc. 13).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Dismissal of a complaint, or any claim within it, for failure to state a claim under Rule 12(b)(6) may be based on either "'a lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Heatlhcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the Court regards the allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement "need only give the defendant fair notice of what … the claim is and the grounds upon which it rests," and "[s]pecific facts are not necessary."

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face," which occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face").

Although courts will not generally look beyond the pleadings in a Rule 12(b)(6) motion, a "court may consider material that the plaintiff properly submitted as part of the complaint, or even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court may also consider matters of public record, including pleadings, orders, and other papers filed with the Court. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.     Preemption**

**1.     ERISA**

ERISA derives its preemptive power from two components. *Blue Cross of Cal. v. Insys Therapeutics*, 390 F. Supp. 3d 996, 1003 (D. Ariz. 2019). The first component, ERISA section 514(a), preempts all state laws "as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1444 (a). The second component, ERISA section 502(a), outlines the scope of civil remedies available to enforce any part of ERISA's provisions. *Insys Therapeutics*, 390 F. Supp. 3d at 1003 (citing *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005)). If a state cause of action falls within this scope, the Court deems the cause of action preempted as conflicting with the intended exclusivity of ERISA's civil remedies. *Id*. This is the case even if the state cause of action is not preempted by section 514(a), as discussed below. *Id.*

       **a.**  **Section 514(a)**

Section 514(a) requires that ERISA "supersede any and all State laws insofar as they may … relate to any employee benefit plan." § 1144(a). The Court considers a law to "relate to" an employee benefit plan if it has "a connection with or reference to such a plan." *Insys Therapeutics*, 390 F. Supp. 3d at 1003 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983) (internal quotations omitted)). The Court considers a state law to "refer to" an ERISA plan when it "acts immediately and exclusively upon ERISA plans … or where the existence of ERISA plans is essential to the law's operation." *Id.* (quoting *Cal. Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 325 (1997) (internal quotations omitted)).

Additionally, Ninth Circuit courts use a separate "relationship test" to determine whether a state law has a "connection with" an ERISA plan. *Id.* Specifically, when "a state law claim bears on an ERISA-regulated relationship, *e.g.*, the relationship between plan and plan member, between plan and employer, between employer and employee," then the claim is preempted. *Id.* at 1004 (internal quotations and citation omitted).

       **b.**  **Section 502(a)**

Next, the Court considers whether a state law cause of action is preempted under ERISA Section 502(a), using a two-prong test. *Id.* (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208–10 (2004)). The Court considers a state law cause of action completely preempted if: (1) an individual could have brought the claim under section 502(a), and (2) where a defendant's actions do not implicate another independent legal duty. *Id.* (citing *Marin Gen. Hosp. v. Modesto & Empire & Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009)). For the Court to consider the state law claim preempted under Section 502(a), the claim must satisfy both prongs. *Id.* (citing *Marin Gen. Hosp.*, 581 F.3d at 947).

**III. DISCUSSION**

 **A.** **Failure to State a Claim for Relief Under Rule 12(b)(6)**

In its Motion to Dismiss, First Fleet argues that all of Plaintiff's claims must be dismissed under 12(b)(6) for failure to state a claim because "no cognizable legal theory

- 4 -

exists for any of [Plaintiff's] claims" as pleaded. (Doc. 11 at 2). Plaintiff makes four "claims" in his Complaint. (Doc. 1-3 at 5; Doc 9 at 3). The Court will consider each of Plaintiff's "claims" in turn.

### 1. Claim One

First, the Court considers Claim One in Plaintiff's Complaint, which states, "This is a case of breach of contract with unjust enrichment committed by First Fleet, Inc." (Doc. 1-3 at 5). Plaintiff indicates that prior to filing his Complaint, he had two telephone conversations with BCBST provider service representatives on August 22, 2018, and November 11, 2019. (Doc. 9 at 3). In these conversations, Plaintiff claims that the representatives reported that BCBST was, respectively, "correcting all claims" and "researching all claims" Plaintiff submitted to them. (*Id.*) Further, Plaintiff maintains that in these two phone conversations "[First Fleet]/BCBST … intended to and verbally promised, to pay [Plaintiff]." (*Id.* at 4). Because Plaintiff "had two conversations with [First Fleet]/BCBST regarding the out of network anesthesia claim payments promised by [First Fleet]/BCBST," Plaintiff argues that "ERISA preemption does not exist." (*Id.* at 7).

First Fleet contends that Plaintiff's breach of contract and unjust enrichment claims are based in Arizona common law and therefore, "are preempted by ERISA." (Doc. 6 at 4). First Fleet additionally argues that because Plaintiff's breach of contract and unjust enrichment claims "seek benefits due and allegedly owed under the Plan or 'damages' paid based on the Plan's coverage," the claims are preempted. (Doc. 6 at 5). The Court agrees with First Fleet's arguments.

The Supreme Court has determined that state common law causes of action, including breach of contract and unjust enrichment, "relate to" an employee benefit plan and therefore fall under ERISA's express preemption clause, section 514(a). *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43, 53 (1987) ("The common law causes of action raised in Dedeaux's complaint [including contract action], each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a)."). Courts in this district and the state of Arizona

have followed this precedent. *See, e.g., Schaum v. Honeywell Retiree Med. Plan No 507*, No. CV-04-2290-PHX-MHM, 2006 WL 2496435, *20 (D. Ariz. Mar. 31, 2006) (finding a medical provider's claims, including breach of contract, were preempted under ERISA); *Satterly v. Life Care Centers of America, Inc.*, 204 Ariz. 174, 178 (Ct. App. 2003) ("where a common law breach of contract claim arises from the administration of an ERISA plan, it is preempted").

Additionally, "generally where an ERISA plan is in existence and the claims at issue require interpretation … of the plan terms or ERISA law," then the claim "relates to" the ERISA plan and ERISA preemption exists. *Saunier v. Aetna Life Ins. Co.*, CV 08-37-M-SWM-JCL, 2008 WL 5396245, *3 (D. Mont. May 23, 2008) (internal quotation marks and citations omitted).

Here, Plaintiff's claims of breach of contract and unjust enrichment are properly categorized as state common law claims of action. *See Harris v. United Parcel Service, Inc.*, No. 15-CV-03980-SVW-AGR, 2015 WL 13918141, *1 (C.D. Cal. July 9, 2015) (classifying a breach of contract claim as a "state common law claim"); *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 466 (D. Or. 2002) (classifying an unjust enrichment claim as a "state common law claim"). Further, viewing the alleged facts in a light most favorable to Plaintiff, the BCBST representatives promised that Plaintiff's medical claims were being "corrected" and "reviewed," and BCBST "promised to pay" Plaintiff. (Doc. 9 at 4, 7). Regardless, however, an analysis of Plaintiff's breach of contract and unjust enrichment claims "requires interpretation" of the ERISA plan terms. Therefore, these claims "relate to" the ERISA plan at issue. *Saunier*, 2008 WL 5396245 at *3 (where "ERISA plan …claims at issue require interpretation … of the plan terms," then the claim "relates to" the ERISA plan). Because Plaintiff's breach of contract and unjust enrichment claims are state law common claims and "relate to" an ERISA plan, the Court finds them preempted under ERISA rule 514(a).

As a result of the Court concluding that Plaintiff's claims of breach of contract and unjust enrichment are preempted under ERISA rule 514(a), Plaintiff's Claim One fails to

state a claim under Rule 12(b)(6). *See Stewart v. U.S. Bancorp*, 297 F.3d 953 at 957–58 (9th Cir. 2002) (determining Rule 12(b)(6) governs motions to dismiss based on federal preemption). Additionally, because the Court has determined preemption of these both causes of action in Claim One under ERISA rule 514(a), the Court need not address whether there is preempted under ERISA rule 502(a). Accordingly, the Court will dismiss Claim One of Plaintiff's Complaint for breach of contract and unjust enrichment.

### 2. Claim Two

Second, the Court considers Claim Two of Plaintiff's Complaint, which reads as follows: "The First Fleet, Inc. insurance [p]lan meets the definition provided in 29 U.S. Code § 1002(1)(A)." (Doc 1-3 at 5). Neither party disputes this statement, and the Court agrees. (Doc. 9 at 1; Doc. 6 at 2); 29 U.S.C. § 1002(1)(A) ("The term[ ] 'employee welfare benefit plan' … mean[s] any plan, fund, or program which was … established or [is] maintained by an employer … for the purpose of providing for its participants or their beneficiaries …medical, surgical, or hospital care or benefits").

First Fleet asserts that Plaintiff's Claim Two "is not an actionable cause of action as it is the definitions section of ERISA". (Doc. 11 at 4). The Court agrees with First Fleet's argument. Although Plaintiff's statement is substantively correct—the First Fleet insurance plan does meet the definition provided in 29 U.S.C. § 1002(1)(A)—the statement provides no basis for relief. For that reason, Plaintiff's Claim Two does not meet the standard outlined in Rule 8(a)(2). Fed. R. Civ. P. 8(a)(2). ("A pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"). Therefore, the Court finds appropriate the dismissal of Plaintiff's Claim Two for failure to state a claim under which Plaintiff is entitled to relief. Fed. R. Civ. P. 12(b)(6).

### 3. Claim Three

Third, the Court considers Claim Three of Plaintiff's Complaint, "In addition to 29 U.S. Code § 21 1002(1)(A), Arizona law requires First Fleet to unambiguously outline coverage terms and release how benefits are calculated so that policy holders are aware of the benefits available. First Fleet, Inc[.] has failed to do this." (Doc 1-3 at 5). Plaintiff

contends that First Fleet violated Arizona insurance law, specifically, "Arizona Revised Statute 20 § 2533" by failing to explain the reasoning for denial of his claim. (Doc. 9 at 2); A.R.S. § 20-2533 (outlining insurance claim denial, levels of review, and disclosure).

First Fleet makes the argument that the Arizona statutory law Plaintiff references in Claim Three is preempted under "ERISA because [it] impacts the administration of the plan." (Doc. 11 at 5). First Fleet thus argues that Claim Three must be dismissed. (Doc. 11 at 6).

ERISA law indicates that employee insurance plans are not considered to be insurance companies. ERISA § 514(b)(2)(B). As a result, state insurance law cannot regulate employer-funded insurance plans, or "self-funded plans," as it does insurance companies. *See id.* For example, the Supreme Court found a Pennsylvania state insurance law preempted to the extent it would apply to self-funded plans. *FMC Corp. v. Holliday*, 498 U.S. 52, 52 (1990). The Court indicated that because ERISA prohibits states from considering self-funded plans as insurance plans, "self-funded ERISA plans … are exempt from state regulation as far as that regulation 'relate[s] to' the plans. State laws directed toward the plans are pre-empted because they relate to an employee benefit plan but are not 'saved' because they do not regulate insurance." *Id.*

For the above reasons, the Court concludes A.R.S. § 20-2533 "relates to" the First Fleet plan. Further, as agreed upon by both parties and the Court, First Fleet is an ERISA plan. Accordingly, the Court agrees with First Fleet's argument that the Arizona insurance law to which Plaintiff refers in his Complaint is subject to ERISA preemption. The Court thus finds that dismissal of Claim Three of Plaintiff's Complaint is appropriate. Because the Court has found that Plaintiff's Count Three is preempted under ERISA, the Court deems First Fleet's argument that there is "no private right of action" under A.R.S. Title 20's provisions to be moot.

### 4. Claim Four

Finally, the Court considers Claim Four of Plaintiff's Complaint, which reads as follows: "Two demand for payments have been submitted to First Fleet, Inc. with no

payment tendered." (Doc. 1-3 at 5). Plaintiff refers to this "claim" as a "collection action of a past due medical payment" in the documentation attached to his Complaint (Doc. 1-3 at 7). The Court interprets this "claim" as what Plaintiff seeks in damages, not a separate claim or cause of action. *See Beavers-Gabriel v. Medtronic, Inc.,* 15 F. Supp. 3d 1021, 1043 (D. Haw. 2014) (noting that damages are a remedy, not a substantive claim for relief). Hence, no separate analysis is required for Claim Four of Plaintiff's Complaint.

In sum, based on the preceding analysis of Plaintiff's four "claims," including subparts, the Court finds the following: (1) Claim One, encompassing breach of contract and unjust enrichment, is preempted under ERISA; (2) Claim Two fails to state a claim under which Plaintiff is entitled to relief; (3) Claim Three is preempted under ERISA; and (4) Claim Four reflects damages Plaintiff seeks and is not an independent cause of action. Ultimately, none of the claims in Plaintiff's Complaint constitutes any "cognizable legal theory," and therefore, Plaintiff has failed to state a claim for relief under Rule 12(b)(6). Accordingly, the Court shall grant First Fleet's Motion for Dismissal of Plaintiff's Complaint.

### B. Motion for Default

Plaintiff alleges that First Fleet defaulted after removing this case to Arizona Federal District Court by failing to file an answer to Plaintiff's Complaint and instead moving to dismiss the Complaint. (Doc. 9 at 5, 7). First Fleet argues that "it is axiomatic that a defendant has the right to move to dismiss in lieu of an answer." (Doc. 11 at 4) (citing *Gabor v. Seligmann*, 222 Fed. App'x 577, 579 (9th Cir. 2007)). In general, a defendant must serve an answer after service of the complaint. *See*, *e.g.*, Fed. R. Civ. P. 12(a)(1)(A)(i). However, generally, if a defendant files a motion, this time period is altered, and the defendant does not need to file a responsive pleading until after the Court rules on the defendant's motion. Fed. R. Civ. P. 12 (a)(4)(A)–(B). Thus, the Court agrees with First Fleet's assertion that they were "entitled to file a Rule 12(b)(6) motion in lieu of an answer." (Doc. 11 at 2) (quoting *Gabor*, 222 Fed. App'x at 579).

In addition, Plaintiff asserts that First Fleet's counsel made a statement regarding

unfamiliarity with Plaintiff's Complaint prior to filing the Motion to Dismiss, allegedly calling into question the validity of the Motion (Doc. 9 at 2). First Fleet denies this assertion. (Doc. 11 at 4–5). Accordingly, the Court has viewed these alleged facts in light most favorable to Plaintiff. *See Outdoor Media Group, Inc*, 506 F.3d at 900 ("The Court regards the allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmovant."). Even assuming the veracity of Plaintiff's assertion, First Fleet's Motion to Dismiss provides evidence of familiarity with Plaintiff's Complaint. *See generally* (Doc. 6). For example, in the Motion to Dismiss, First Fleet accurately identifies Plaintiff's claims as laid out in his Complaint. (Doc. 6 at 2) ("[Plaintiff's] lawsuit raises three general causes of action: 1) breach of contract and unjust enrichment; 2) a statement that 29 U.S.C. §1002(1)(a) is applicable to the First Fleet benefit plan; and 3) the First Fleet violated Arizona's insurance law."). Additionally, First Fleet's Motion to Dismiss provides an accurate relevant factual background. (Doc. 6 at 3). These inclusions in the Motion to Dismiss are indicative of adequate familiarity with Plaintiff's Complaint.

Thus, the Court has decided that First Fleet followed appropriate procedure in filing its Rule 12(b)(6) motion, and First Fleet also demonstrated adequate familiarity with Plaintiff's Complaint in the Motion to Dismiss. Consequently, the Court finds that default judgment is unwarranted.

### C. Leave to Amend

First Fleet states that Plaintiff "provides no proof of how his state law claims can survive," that "the issue before this Court is whether [Plaintiff's] Arizona common law and statutory claims can survive in light of ERISA preemption," and that "[Plaintiff's] state law claims … cannot survive." (Doc. 11 at 3). The Court finds these statements to be incomplete at best. Although the Court has concluded that Plaintiff's state law claims are preempted under ERISA, this does not mean Plaintiff has no claim whatsoever. *Hansen v. Grp. Health. Coop.*, 902 F. 3d 1051, 1058 (9th Cir. 2018) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009)). Rather, once preempted, the state law claim becomes "'recharacterized' as the federal claim that Congress made exclusive." *Id.* (quoting *Vaden*

*v. Discover Bank*, 556 U.S. 49, 61 (2009)). Following this "recharacterization," the Court must either regard the pleaded state law claim as the appropriate federal claim, or "dismiss it with leave to formally replead the claim under federal law." *Id.* An ERISA-preempted complaint that advances solely state law claims "should not be dismissed without first considering whether relief is available under ERISA if the pleading sufficiently states a claim cognizable under ERISA." *Saunier*, 2008 WL 5396245 at *3 (citing *Crull v. GEM*, 58 F.3d 1386, 1391 (9th Cir. 1995)).

Here, Plaintiff's claims for breach of contract and unjust enrichment fall within the scope of ERISA's civil enforcement provisions because they aim to recover benefits owed to Plaintiff under the plan's terms. 29 U.S.C. § 1132(a)(1)(B) ("[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan"). Because the content of Plaintiff's breach of contract and unjust enrichment claims sufficiently raise ERISA claims for benefits, Plaintiff should have "the opportunity to file an amended pleading to allege claims under ERISA's specific civil enforcement provisions." *Saunier*, 2008 WL 5396345, at *3. Accordingly, the Court shall grant Plaintiff leave to amend his Complaint and replead his breach of contract and unjust enrichment claims under federal ERISA law. *See Noll v. Carlson*, 809 F.2d 1446, 48 (9th Cir. 1987) ("[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted). In amending his claims for breach of contract and unjust enrichment, Plaintiff must affirmatively plead facts that, if proven, would entitle him to relief. *See Twombly*, 550 U.S. at 570 (to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face").

### D. Motion to Strike

In its Motion to Strike, First Fleet seeks to have Plaintiff's Response (Doc. 9) stricken from the Court record with instructions to Plaintiff to re-brief "without referencing [settlement] negotiations" or attaching any proposed agreement. (Doc. 13 at 3). First Fleet asserts that in Plaintiff's opposition, he violated Local Civil Rule 5.6(d) by describing

"settlement negotiations between the parties" and by attaching a confidential settlement agreement proposal to the opposition without prior consultation with First Fleet. (Doc. 13 at 2). In addition, First Fleet states that under Rule 5.6 (d), Plaintiff "had a duty to confer with First Fleet about the need to file the document … under seal and whether the parties could agree upon a stipulation to file under seal." (*Id.*).

Further, First Fleet contends that because they provided the settlement offer to Plaintiff "pursuant to Federal Rule of Evidence 408, the fact of First Fleet's offer cannot be used as evidence about the validity of [Plaintiff's] claim." (*Id.* at 3). Additionally, First Fleet also argues that the substance of the proposed agreement and Plaintiff's mention of its terms in his opposition "serve no material purpose in this lawsuit and do not advance any of the arguments he makes in his opposition." (*Id.*) First Fleet makes the additional claim that "the parties in the case do not rely upon the substance of the proposed settlement agreement in any way," and there "is no reason why the public would have a legitimate interest in them." (*Id.*) Moreover, First Fleet states that allowing public access to First Fleet's proposed settlement offer could be useful to others litigating against or considering litigation against First Fleet. (*Id.*)

The Ninth Circuit has established that unless a given court record is "traditionally kept secret," a "strong presumption in favor of access" is preferred. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A party moving to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03 (9th Cir. 1999). The "compelling reasons" must outweigh the history of access in general and public policies supporting disclosure, such as "public interest in understanding the judicial process" *Hagestad*, 49 F.3d at 1434 (internal quotation marks and citation omitted). Compelling reasons meeting this standard generally exist "when such court files might have become a vehicle for improper purposes," e.g., the use of records to publicize trade secrets, distribute libelous statements, advertise public scandal, or indulge in private spite. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Yet,

"[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, the Court concludes that First Fleet has not met the "compelling reasons" standard to justify sealing the Court record. First Fleet claims that inclusion of the settlement agreement and its terms serves no material purpose, that the parties in the case do not rely upon the proposed agreement, and that the public would have no legitimate interest in the agreement. (Doc. 13 at 3). However, it is unclear to the Court how any of these reasons suggest that the document in controversy "might become a vehicle for [the] improper purposes" outlined above. *Kamakana,* 447 F.3d at 1179. Additionally, First Fleet's argument that allowing public access to the settlement offer and its terms could be useful in current or future litigation against First Fleet is also without merit, as the "fact that the production of records may lead to … exposure to further litigation" is not sufficient, without more, to compel the court to seal its records. *Id.*

Ultimately, the Court has determined that First Fleet is correct that the Court cannot consider the settlement negotiations as part of the Court's consideration of the merits of the motion to dismiss. Fed. R. Evid. 408 ("As a matter of general agreement, evidence of an offer to compromise a claim is not receivable in evidence as an admission of, as the case may be, the validity or invalidity of the claim."). Consequently, the Court has not considered those negotiations in deciding this motion (as evidenced by the discussion above). Indeed, the Court agrees with First Fleet that those discussions were not relevant to the merits of the motion, and thus they were not germane to the decision in this order. Because (1) the Court has not considered this improper information; (2) the Court recognizes the Ninth's Circuit's preference in favor of access to court records; and (3) the Court concludes First Fleet has not provided compelling reasons to seal the document in question; the Court does not find the striking of the response and re-briefing of the motion to dismiss to be necessary. Accordingly, while the Court grants First Fleet the relief of the Court not considering the settlement negotiations for purposes of deciding the motion, the

Court will deny the motion to strike.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant First Fleet, Inc.'s Motion to Dismiss (Doc. 6) is **GRANTED.** Plaintiff Dr. Gary Wagoner's Motion for Default (Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED**, for reasons stated above, that Defendant First Fleet's Motion to Strike (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend his Complaint such that Plaintiff may, if he chooses, file an amended complaint repleading his breach of contract and unjust enrichment claims as ERISA claims within 14 days of the date of this order. In accordance with District of Arizona Local Rule Civil 15.1(a), an amended complaint must "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15.1(a). If no amended complaint is filed within 14 days of the date of this order, the Clerk of the Court shall enter judgment, dismissing this case without prejudice.

**IT IS FURTHER ORDERED** that Defendant must answer or otherwise respond to any amended complaint (if an amended complaint is filed) within 14 days of when the amended complaint is filed.

Dated this 8th day of August, 2022.

James A. Teilborg
Senior United States District Judge