**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Wagoner, | No. CV-22-00990-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| First Fleet Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant First Fleet, Inc's ("First Fleet") Motion to Dismiss. (Doc. 17). The Court now rules on this motion. Defendant's Motion to dismiss is granted.

## I.    BACKGROUND

The relevant factual background has already been described in this Court's order dismissing Plaintiff Dr. Gary Wagoner's initial complaint. (Doc. 14). Thus, this background will only be briefly described here.

Plaintiff, a chiropractor in Phoenix, Arizona, treated Jeffrey Cagle in October of 2019. (*See* Doc. 17). As part of his agreement to treat Cagle, Plaintiff had Cagle assign him all of his benefits and abilities under the Employee Retirement Income Security Act (ERISA) to collect any payments from First Fleet. (*See* Doc. 1-3 at 7). After a number of unsuccessful attempts to collect payment for services, Plaintiff brought suit alleging violations of Arizona insurance law and common law. (*See* Doc. 17 at 2–3). His complaint was dismissed on the grounds that his claims were preempted by ERISA. (*See* Doc. 14).

1  Plaintiff then filed an amended complaint claiming that First Fleet had violated ERISA
2  sections 502, 510, and 511 because it had failed to pay benefits under the plan, had
3  interfered with his patient's rights, and had engaged in coercive interference. (*See* Doc.
4  15). Defendant then filed another Motion to Dismiss for Failure to State a Claim. (Doc.
5  17). Plaintiff failed to file a response within 14 days and has not requested an extension of
6  time.

7  **II.   LEGAL STANDARD**

8  **A.  Rule 12(b)(6)**

9       A complaint or claim can be dismissed under Rule 12(b)(6) either because it lacks
10  "a cognizable legal theory" or because there are no "sufficient facts alleged under a
11  cognizable legal theory." *Johnson v. Riverside Heatlhcare Sys., LP*, 534 F.3d 1116, 1121–
12  22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
13  1990)) (internal quotations omitted). In determining whether a complaint states a claim
14  under this standard, the Court regards the allegations in the complaint as true and construes
15  the pleadings in the light most favorable to the nonmovant. *See Outdoor Media Group, Inc.
16  v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short
17  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.
18  P. 8(a)(2). This statement "need only give the defendant fair notice of what … the claim is
19  and the grounds upon which it rests," and "[s]pecific facts are not necessary." *Erickson v.
20  Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). To survive a motion to
21  dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556
22  U.S. 662, 678 (2009). This means that the Plaintiff must plead "factual content that allows
23  the court to draw the reasonable inference that the defendant is liable for the misconduct
24  alleged." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to
25  dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on
26  its face").

27  **B.  Local Rule 7.2(i)**

28       Although this is a 12(b)(6) motion to dismiss, there was no response filed. Thus,

this Court must look to Local Rule 7.2. District of Arizona Local Rule of Civil Procedure 7.2(c) requires parties to file all responsive memoranda within fourteen days after service of the original motion. *See* L. R. Civ. 7.2. If a party fails to file a required responsive memorandum, Local Rule 7.2(i) states that the Court has the authority to consider that failure "a consent to the denial or granting of the motion ...." L. R. Civ. 7.2(i). Thus, if a party fails to respond to a motion to dismiss within fourteen days after service, the Court can deem that as consenting to the grant of the motion to dismiss by the plaintiff.

Applying a straightforward and text-based reading of the Local Rules it would seem that the application of Rule 7.2(i) is quite black and white: if a party fails to file a response within 14 days the Court can grant the underlying motion. Yet the Ninth Circuit has stated that although "[f]ailure to follow a district court's local rules is a proper ground for dismissal" there are five general factors that a court must consider before dismissing a case: 1. The public's interest in expeditious resolution of litigation, 2. The court's need to manage its docket, 3. The risk of prejudice to defendants, 4. Public policy favoring merits dispositions, and 5. The availability of less drastic sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). And the district court must consider these factors explicitly. *See id.* at 54.

### III.    DISCUSSION

It is clear from the record that Plaintiff Wagoner did not file a response of any kind to the Motion to Dismiss his First Amended Complaint. Wagoner filed his amended complaint on August 18, 2022. (Doc. 15). Defendant filed a Motion to Dismiss on September 1, 2022. (Doc. 17). Since that time, nothing else has been filed in the case. Not only has there been no responsive memoranda submitted by Wagoner, there has not even been a motion for an extension of time. Consequently, Local Rule 7.2(i) applies here.

This means that the *Ghazali* factors must be applied to determine whether granting the motion to dismiss is appropriate. All five factors point toward dismissal here. The first factor, the interest in expeditious resolution, clearly favors dismissal. The fastest and most efficient way to resolve this case is to dismiss the matter with prejudice. As the Ninth

Circuit has noted, "the public's interest in expeditious resolution of litigation *always* favors dismissal." *Irvin v. Madrid*, 749 Fed.Appx. 546, 547 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) (emphasis added). The same is true of the second factor. This Court can most efficiently manage its docket by resolving cases. The third factor is not as clear, but still ultimately points towards dismissal. While there would be no direct prejudice to Defendant, there will be some prejudice stemming from the fact that Defendant will be forced to raise its legal points once again in reply to any potential response this Court might order. Factors one through three, then, all weigh in favor of dismissal.

When assessing the fourth factor, the policy favoring a merits determination, a court should look to whether it is likely that Plaintiff's "complaint could have survived at the motion to dismiss stage" had it been considered on the merits. *Espy v. Independence Blue Cross*, 613 Fed.Appx. 633, 634 (9th Cir. 2015). While it is not appropriate for this Court to engage in a merits assessment when making a procedural determination, looking to the general issues raised by the Motion to Dismiss is appropriate. Given the specific sections of ERISA that Wagoner is bringing claims under, it does not seem likely that the complaint will survive the motion to dismiss stage. While it is true that at this stage the Court reads the facts in the light most favorable to the nonmoving party, it does not do so with the law. And Wagoner, it appears, likely cannot bring the claims that he is attempting to bring under ERISA. Ultimately, the fourth factor also weighs in favor of dismissal.

Finally, the fifth factor cautions the Court that it should not dismiss if there are less drastic sanctions that it can apply. There are less serious sanctions available here. First, this Court could simply order Wagoner to file a reply. This would almost be a non-sanction. And given that over four months have passed since the motion to dismiss was filed, this seems inappropriate. The Court could also dismiss this case without prejudice, giving Wagoner the ability to refile. Yet this too does not seem to be right for a number of reasons. First, Defendant has already filed two full merits briefings, once for the initial complaint, and again for the amended complaint. Forcing it to do this for a third time would only place

- 4 -

a burden on its time and resources as well as those of this Court. Second, it is not as if Wagoner is unfamiliar with the procedural rules and requirements. He filed a response to the initial Motion to Dismiss. (Doc. 9). Thus, he knows what he must do under the federal and local rules. It seems, then, that this factor also points towards dismissal with prejudice. But even if it did not. Even if this factor clearly pointed toward a less drastic alternative, the other four factors all point towards dismissal with prejudice. Ultimately then, under *Ghazali*, this Court should dismiss this case with prejudice. And that is what it will do.

This result comports with the plain text of Local Rule 7.2(i) which states that if a party fails to serve and file the required responsive memoranda this failure "may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily." L.R.Civ. 7.2(i). This is what occurred here. Consequently, this Court will follow the letter of the law and grant the Motion to Dismiss.

## IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant First Fleet, Inc's Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment, dismissing this case with prejudice.

Dated this 19th day of January, 2023.

James A. Teilborg
Senior United States District Judge